Aaron J. Johnson
Plaintiff, pro se
646 West 500 North
Telephone: (202) 819-3814
Email: pentasys@msn.com

FILED
U.S. DISTRICT COURT

2019 MAR -5 P 4: 23

DISTRICT OF UTAH

BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| AARON J. JOHNSON<br><br>PLAINTIFF,<br>VS.<br><br>SALT LAKE CITY, a municipal corporation; **Jackie Biskupski**, individually and as Mayor; **Margaret Plane**, individually and as Legal Director; **Erin Mendenhall**, individually and as 5th District City Councilor and Council Chair; **Chris Wharton**, individually and as 3rd District Councilor and Council Co-Chair; **Brian Fulmer**, individually and as assistant to Chris Wharton; **Ralph Becker**, individually and as former Salt Lake City Mayor; **Chris Burbank**, individually and as former Salt Lake City Chief of Police; **Stan Penfold**, individually and as former 3rd District Councilor; **Yolanda Francisco-Nez**, individually and as director for Salt Lake City Mayor's Office of Diversity & Human Rights; **Mathew Rojas**, individually and as Director of Communications for the Mayor's Office;<br><br>and DOES 1 THROUGH 10<br><br>DEFENDANTS | PLAINTIFF'S MOTION TO STRIKE DEFENDANTS NOTICE OF SUPPLEMENTAL AUTHORITY [ECF No. 45]<br><br>Case No. 2:18-CV-00467-TS<br><br>JUDGE TED STEWART<br>MAGISTRATE BROOKE C. WELLS |

1

## Table of Contents

INTRODUCTION..................................................................................................................................3

THE COURT SHOULD STRIKE DEFENDANTS NOTICE OF SUPPLEMENTAL AUTHORITY ...........................3

DEFENDANT'S NOTICE IS DEFECTIVE AND IF SO - SEEKS FRCP 11 SANCTIONS IN MISCHARACTERIZING THE RECOMENDATIONS OF A 10TH CIRCUIT MAGISTRATE AS CITED ......................................................4

**INTRODUCTION**

Pursuant to FRCP 12(f), Plaintiff respectfully moves the court to strike Defendant's Notice of Supplemental Authority (ECF No. 45) as both improper and failing to provide an authority pursuant the Rules of Civil Procedure. Defendants cited ruling and recommendation are not "Authority".

Defendant's Notice is also improper and should be stricken as Defendants have attempted to mischaracterize a citation of a" ruling and recommendation" as authority that had not been adopted by a court nor ruled on under the Uniform adoption of the Rules of Civil Procedure. The "authority" is a report in question contains findings that are based on an incomplete record, relies upon lack of adoption or ruling or adjudication and, remains issued without affording any hearing or other hint of the requisite procedural protections as due process.

Defendant's KNOWINGLY seek to improperly nor dishonestly advise this court of a non-binding and non-precedential citation they cite as an "authority" in (ECF No. 45) -- which defendants also failed to provide the court as an exhibit within their filing under FRCP 7.

THE COURT SHOULD STRIKE DEFENDANTS NOTICE OF SUPPLEMENTAL AUTHORITY

Notices of authority provide controlling case law after proper adjudication in which a citation citing precedent is a result of adjudication.

Defendant's Notice fails to provide any controlling case law and misleads the court in a citation lacking adjudication. *General Elec. Co. v. Latin American Imports*, S.A., 187 F.Supp.2d 749, n. 1 (W.D. Ky. 2001) (explaining that a notice of supplemental authority "when utilized for the purpose of supplementing argument on pending motions, should be used sparingly and for new, controlling case law. . . .");

Defendants have improperly introduced <u>a non-precedential recommendation and ruling that has not been adjudicated, nor adopted by the court, and in which these defendants have knowingly mischaracterized magistrate Pead's Ruing and Recommendations</u>!

Defendants mischaracterize the Ruling and Recommendation cited as "Supplementary Authority" as fatally defective for several reasons – additional to being improperly filed, misleading and inaccurate before the court.

(1) Defendants have improperly attempted to supplement their Rule 8 motion to dismiss;

(2) The cited "Ruling and Recommendations" are merely unadopted, NON-adjudicated recommendations which were never the subject of due process objection nor adoption by any court;

(3) The statements made in (ECF No. 45) in support of this filing are demonstrable misrepresentations of fact and quite frankly – are a knowing disservice to both this court and too Magistrate Pead's unadopted recommendations. Pead's recommendations are based entirely on a separate and different set of legal arguments, counts and Rule 8 claims!

DEFENDANT'S NOTICE IS DEFECTIVE AND IF SO - SEEKS FRCP 11 SANCTIONS IN MISCHARACTERIZING THE RECOMENDATIONS OF A 10TH CIRCUIT MAGISTRATE AS CITED

Defendants Notice is defective for other reasons. Defendants have cited "Authority", much like a Special master reports that are only advisory until they are acted upon by a court. *United States v. Raddatz*, 447 U.S. 667, 683 n.11 (1980); *Basev v. Gallagher*, 87 US. 670, 680 (1874); *United States v. Microsoft Corp.*, 147 F.3d 935, 955 (D.C. Cir. 1998) ("a special master's findings and conclusions are always advisory") (emphasis in original).

Thus, Defendant's citation of "authority" is not a binding nor precedential judicial opinion, memorandum, or order, and it is not proper to cite it in a notice of supplemental authority.

Plaintiffs are attempting to have the Court attach weight to a recommendation that, under the law, is of no effect – and have misled the court on its findings.

Defendant's misled the court with respect to Pead's recommendations[1] to trial Judge Shelby - recommending that Plaintiff be allowed FRCP 15 amendment as...,

(1) *"because it is not clear at this time whether Plaintiff can cure the defects in is complaint related to his official capacity claims, it would be improper to recommend dismissal without giving him an opportunity to amend on this limited bases"* R. & R., (Case No. 2:18-cv-29-RJS-DBP, Feb. 1, 2019, ECF No. 96 pp. 22, 23)

(2) *"The court recommends granting the legislative and defendants motion in part and DENYING the motions in part (ECF No. 58, ECF No. 59) In so doing, the court recommends...allowing the remaining official capacity claims to survive for the purpose of amendment"*. (Case No. 2:18-cv-29-RJS-DBP, Feb. 1, 2019, ECF No. 96 pp. 28)

(3) Magistrate Pead also cited Plaintiff's notice of abrogation of 11th amendment immunity against state actors as "[a] *judgement [sic] from this court in determination of Utah's 11th amendment status of immunity as it is applied to the receipt of any federal funds known to waive any sovereign immunity claims as a condition of receiving federal funds"* (Case No. 2:18-cv-29-RJS-DBP, Feb. 1, 2019, ECF No. 96 pp. 9,10)

---

[1] R. & R., Case No. 2:18-cv-29-RJS-DBP, Feb. 1, 2019, ECF No. 96

Plaintiffs' Notice Is Not "Supplemental Authority". Notices of supplemental authority are routinely used to advise or inform courts of judicial opinions or orders which have been adjudicated; Defendants citation as misleading, and are not authorities such as statutes or regulations, believed to be relevant to a proceeding in litigation.

The use of a notice of supplemental authorities is prescribed in Federal Rule of Appellate Procedure 28(j):

> Citation of Supplemental Authorities. If pertinent and significant authorities come to a party's attention after the party's brief has been filed--or after oral argument but before decision--a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and must be similarly limited.

Although 28(j) applies to filings in appellate proceedings, the rule's language is nonetheless instructive because it reflects and corroborates the plain meaning of the word "authority" in the context of legal proceedings.[2]

---

[2] Reinforcing this common sense interpretation is Black's Law Dictionary definition of the word "authorities": Citations to statutes, precedents, judicial decisions, and text-books of the law, made on the argument of questions of law or the trial of causes before a court, in support of the legal positions contended for, or adduced to fortify the opinion of a court or of a text writer upon any question. Authorities may be either primary ('a, statutes, court decisions, regulations), or secondary (s, Restatements, treatises).

Wherefore Plaintiff asks this court to strike DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY for each and every one of these defects as noted to this court;

Tuesday, March 5, 2019

_____

Aaron Johnson

Plaintiff, Pro Se

CERTIFICATE OF MAILING

I certify that on Tuesday, March 5, 2019, I filed the foregoing PLAINTIFF'S MOTION TO STRIKE DEFENDANTS NOTICE OF SUPPLEMENTAL AUTHORITY [ECF No. 45]. I also certify that a true and correct copy of the foregoing was placed in outgoing US Mail, postage prepaid, to the following counsel of record; and/or hand delivered to Salt Lake City Corporation legal department's counsel of record:

Salt Lake City Corporation
Legal Department / Catharine Brabson
451 South State Street
Salt Lake City, Utah 84111-3104

_____
Aaron Johnson
Plaintiff Pro Se