Catherine L. Brabson (#6500)
Allison Parks (#16219)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, UT 84114-5478
Telephone:   (801) 535-7788
Facsimile:   (801) 535-7640
Catherine.Brabson@slcgov.com
Allison.Parks@slcgov.com

*Attorneys for Defendants Salt Lake City, Jackie Biskupski, Margaret Plane, Erin Mendenhall, Chris Wharton, Brian Fullmer, Ralph Becker, Chris Burbank, Stan Penfold, Yolanda Francisco-Nez, and Matthew Rojas*

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| AARON J. JOHNSON,<br><br>        Plaintiff pro se,<br><br>vs.<br><br>SALT LAKE CITY, a municipal corporation; JACKIE BISKUPSKI, individually and as Mayor; MARGARET PLANE, individually and as Legal Director; ERIN MENDENHALL, individually and as 5th District City Councilor and Council Chair; CHRIS WHARTON, individually and as 3rd District Councilor and Council Co-Chair; BRIAN FULLMER, individually and as assistant to Chris Wharton; RALPH BECKER, individually and as former Salt Lake City Mayor; CHRIS BURBANK, individually and as former Salt Lake City Chief of Police; STAN PENFOLD, individually and as former 3rd District Councilor; YOLANDA FRANCISCO-NEZ, individually and as director for Salt Lake City Mayor's Office of Diversity & Human Rights; MATTHEW ROJAS, individually and as Director of | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REQUEST FOR EMERGENCY INJUNCTION**<br><br>Case No. 2:18-cv-00467<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

| | |
|---|---|
| Communications for the Mayor's Office; and DOES 1 through 10,<br><br>Defendants. | |

Defendants Salt Lake City Corporation (the "City"), Jackie Biskupski, Margaret Plane, Erin Mendenhall, Chris Wharton, Brian Fullmer, Ralph Becker, Chris Burbank, Stan Penfold, Yolanda Francisco-Nez; and Matthew Rojas (collectively, the "Salt Lake City Defendants"), by and through their counsel of record, hereby submit this Memorandum in Opposition to Plaintiff's Request for Emergency Injunction and Amendments thereto.[1]

## BACKGROUND

Plaintiff Aaron Johnson ("Johnson") filed this action in August of 2018 claiming his First Amendment rights were violated because he was blocked from access to the interactive comment space of certain social media accounts administered by the City and other accounts administered by some of the City's current and former elected officials. Johnson appears to seek both damages and injunctive relief.

On October 26, 2018, Defendants moved to dismiss the entirety of Johnson's 135-page Amended Complaint without prejudice on the grounds that it fails to meet the pleading standing of Rule 8.[2] In addition, Defendants moved to dismiss some of Johnson's claims with prejudice on the grounds that he fails to state a claim for relief which cannot be cured by amendment.[3] In response, Johnson filed a motion styled "Motion for Declaratory Judgment"[4] in which he

---

[1]  ECF Nos. 51, 52-1, and 53.
[2]  *See* ECF No. 33 and related docket entries.
[3]  *See id.*
[4]  ECF No. 28.

2

appears to seek judgment as a matter of law. However, as detailed in Defendants' opposition,[5] Johnson submitted virtually no evidence in support of the motion.

Johnson has now filed a motion styled "Request for Emergency Injunction." Although it is not entirely clear what relief Johnson seeks, under a liberal reading a reasonable inference is that Johnson seeks a preliminary injunction restoring his access to the interactive comment space of the City-administered social media accounts at issue: Facebook "pages"[6] maintained by the City Council and the Salt Lake City Human Resources Commission. Johnson was blocked from access to the interactive comment spaces on these pages in 2014 and 2017 respectively.[7]

As set forth herein, Johnson's Request for Emergency Injunction should be denied as moot. Following the development of recent case law addressing the application of the First Amendment to government-owned social media accounts,[8] the Salt Lake City Council

---

[5] ECF No. 32.

[6] A Facebook "page" differs from a personal "profile" in that a profile is an account allocated to a specific individual who can use it to network with friends and colleagues, while a "page" is created by an existing Facebook profile user to promote an interest, a company, an organization, a product and the like. Pages gather followers when existing Facebook users "like" the page, as contrasted with a "friend" request sent to a profile, which can be accepted or not.

[7] Johnson's social media access was blocked under his Facebook pseudonym "Aaron Jones."

[8] *See, e.g., Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019), as amended (Jan. 9, 2019) (finding government official webpage on social networking website qualified as public forum, for First Amendment purposes); *Davison v. Plowman*, 247 F. Supp. 3d 767, 776 (E.D. Va. 2017), aff'd, 715 F. App'x 298 (4th Cir. 2018) (concluding no First Amendment violation where defendant removed plaintiff's off-topic comment from government Facebook page because comment was in violation of policy); *Lloyd v. Doherty*, No. 5:17-CV-2694, 2018 WL 2336808, at *4 (N.D. Ohio May 23, 2018) (stating "speech that falls outside of 'the bounds of the designated forum' may be restricted or blocked if the restriction imposed is viewpoint neutral and reasonably related to the purpose of the forum"); *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 551-52 (S.D.N.Y. 2018) aff'd, ___ F.3d___, 2019 WL 2932440 (2d Cir. July 9, 2019) (holding that the *interactive component* of the President's Twitter account, as opposed to the President's tweets themselves, constituted a designated public forum).

("Council") and the City formally adopted revisions to their social media policies.[9] Thereafter, the policies were posted, Johnson was unblocked, and he now may access the interactive comment space of the Facebook accounts at issue, subject to compliance with the policies.[10] As set forth herein, the injunctive portion of this case has been rendered moot.

## ARGUMENT

### I. Johnson's Request for Injunction Against the City is Moot.

As against the City, Johnson's Request for Injunction is moot because he has obtained all the injunctive relief that he seeks.[11] Specifically, Johnson may now access the interactive comment space of the Facebook pages for the City Council and the Salt Lake City Human Rights Commission, subject to compliance with their respective polices.

An issue or case is rendered moot when intervening facts have developed "such that the court cannot grant relief to the prevailing party as a practical matter."[12] With respect to injunctive relief, a claim is no longer live when "the explicit objective of the proposed injunction has been met."[13] A claim for injunctive relief becomes moot "when no reasonable expectation exists that the alleged violation will recur and interim ... events have eliminated the effects of the alleged violation."[14]

---

[9] *See* Council Policy, attached as Exhibit A; City Policy, attached as Exhibit B.
[10] Johnson was unblocked from the Salt Lake City Council Page. A screen shot of the account is attached as Exhibit C. Johnson was also unblocked from the Human Rights Commission Page. A screen shot of this account is attached as Exhibit D.
[11] Defendants acknowledge that Johnson's claims for damages remain pending.
[12] *Pub. Serv. Co. of Colorado v. Bd. of Cty. Comm'rs of San Miguel Cty.*, 223 F. App'x 772, 776 (10th Cir. 2007) (citations omitted).
[13] *Id.* (citation omitted).
[14] *Id.* (citation omitted).

4

Here, the revised policies eliminate any of the First Amendment concerns alleged by Johnson. The policies outline the grounds for any corrective action against any social media user, such as removal of posted material or blocking access to the interactive comment space. The policies also provide an appeal process to challenge any corrective actions. Moreover, a user may apply to have access reinstated after two years. Thus, even to the extent Johnson could offer evidence of a First Amendment violation based on viewpoint discrimination,[15] assuming the revised policies are followed, there is no reasonable expectation that Johnson's First Amendment rights will be violated in the future.

Further, Johnson cannot show the revised policies are a mere pretext or temporary alteration to end the litigation. Indeed, where a voluntary change in government policy occurs in the context of litigation, the policy is more likely to be followed.[16] For example, in *Brown v. Buhman,* the 10th Circuit held that the announcement of a broad policy during the course of the litigation ended any credible threat of future unlawful conduct.[17] Here, the City's revised policy broadly applies to all social media users, and not just Johnson. Thus, Johnson cannot show the likelihood of future recurrence of the conduct of which he complains. Accordingly, Johnson's request for injunctive relief is moot.

---

[15]   Of course, Defendants do not concede Johnson's First Amendment rights were ever violated. Defendants' position is that Johnson's social media access to the interactive comment space was denied based on repeated violations of the then-existing social media policy, such as a prohibition on harassing and threatening comments, or abusive and profane language.

[16]   *See Brown v. Buhman*, 822 F.3d 1151, 1171 (10th Cir. 2016) (finding the County Attorney's announcement of a policy limiting bigamy prosecutions ended any credible threat of prosecution under the state bigamy statute).

[17]   *Id.*

**II.     Johnson is not Entitled to an Injunction Against the Individual Defendants.**

Although it is unclear, to the extent Johnson seeks injunctive relief against the Individual Defendants, he fails to establish the necessary elements. In order to receive a preliminary injunction, the moving party must establish the following factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."[18] "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[19]

First, Johnson is not entitled to injunctive relief for social media accounts that are not maintained or administered by the City or by current elected officials because Plaintiff cannot show his constitutional rights are triggered, much less violated. Private citizens, even citizens who are candidates for elected office, are not "state actors" and hence, their private speech is not subject to the requirements of the First Amendment.[20] Thus, Johnson cannot establish a substantial likelihood of success on the merits of his claims.

In addition, Johnson is not entitled to injunction relief with regard to the individually-maintained social media accounts of City Councilmembers Wharton and Mendenhall. As set forth more fully in the City's opposition to Johnson's Motion for Declaratory Judgment,[21] Ms.

---

[18]     *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (citation omitted).
[19]     *Id.* (citation omitted).
[20]     *Knight First Amendment Inst.*, 2019 WL 2932440, at *5 (stating that "no one disputes that the First Amendment restricts government regulation of private speech but does not regulate purely private speech.") (citations omitted).
[21]     ECF No. 32.

6

Mendenhall's closed Twitter account was not open to public comment and she has no First Amendment obligation to permit Johnson to join the discussion. Further, Johnson was blocked from Wharton's private social media account which he does not use to conduct City business, and thus, no state action is at issue.[22] Just as with private citizens, Johnson cannot establish a likelihood of success on the merits of these claims either.

Thus, Johnson's request for injunctive relief against the individual defendants should be denied.

## CONCLUSION

Johnson's Motion for Emergency Injunction should be denied in its entirety.

DATED this 22nd day of July, 2018.

    /s/   Catherine L. Brabson
CATHERINE L. BRABSON
ALLISON PARKS
*Attorneys for Defendants Salt Lake City, Jackie Biskupski, Margaret Plane, Erin Mendenhall, Chris Wharton, Brian Fullmer, Ralph Becker, Chris Burbank, Stan Penfold, Yolanda Francisco-Nez; and Matthew Rojas*

---

[22] *See German v. Eudaly*, No. 3:17-CV-2028-MO, 2018 WL 3212020, at *6 (D. Or. June 29, 2018) (holding no state action where official blocked user from access to non-official Facebook account, as distinguished from official's "official Facebook page to discuss City business").

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of July, 2018, a true and correct copy of the **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REQUEST FOR EMERGENCY INJUNCTION** was electronically filed with the Clerk of the Court, and a copy was further sent by email and U.S. Mail, postage prepaid, to:

Aaron Johnson
646 West 500 North
Salt Lake City, UT 84116
pentasys@msn.com

                                                   /s/   Lindsay Ross

HB #78381