IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Johnson, | REPORT AND RECOMMENDATION |
| Plaintiff, | Case No. 2:18-cv-00467-HCN-CMR |
| v. | District Judge Howard C. Nielson, Jr. |
| Salt Lake City et al., | Magistrate Judge Cecilia M. Romero |
| Defendants. | |

## I.      BACKGROUND

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(B)

from Judge Howard C. Nielson, Jr. (ECF 50).  Plaintiff Aaron Johnson ("Plaintiff") filed a

190-page amended civil complaint ("Amended Complaint") against Salt Lake City Corp., and

Salt Lake City employees and officials Jackie Biskupski, Margaret Plane, Erin Mendenhall,

Chris Wharton, Brian Fulmer, Ralph Becker, Chris Burbank, Stan Penfold, Yolanda Francisco-

Nez, and Matthew Rojas ("Defendants") alleging deprivation of Plaintiff's constitutional right to

freedom of speech (ECF 24).  Defendants filed a Motion to Dismiss for Failure to State a Claim

("Motion to Dismiss") pursuant to Rule 12(b)(6) arguing that: (1) Plaintiff's Amended

Complaint should be dismissed in its entirety for failure to meet the pleading standard of Rule 8;

(2) Plaintiff's official capacity claims against the individually named city employees and

officials should be dismissed with prejudice as duplicative; and (3) Plaintiff's ninth and tenth

causes of action for libel, slander, invasion of privacy and false light defamation should be

dismissed with prejudice for failure to state a claim as a matter of law (ECF 33).  Plaintiff filed a

Response in Opposition to the Motion ("Response") (ECF 36), and Defendants subsequently

filed a Reply to Response to the Motion (ECF 38).  After careful review of the Motion to

Dismiss and the subsequent briefings, the undersigned recommends that this matter be dismissed in its entirety.

## II.    LEGAL STANDARDS

Defendants move for dismissal of Plaintiff's Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF 33).  Under the Rule 12(b)(6) standard, a complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In order to meet this standard, a complaint must contain sufficient factual matter that, if accepted as true, would state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

In undertaking its analysis, the court is mindful that Plaintiff is acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.* at 1110.  Further, "[t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  *Id.*  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not conclusory allegations.  *Id.*

## I.    DISCUSSION

### A.    Plaintiff's Amended Complaint should be dismissed under Rule 8.

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure mandates that a pleading contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (noting that a complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause of action, and the demand for relief").

Rule 8 also requires that each allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(d). When a complaint violates these requirements of Rule 8, it fails to give adverse parties fair notice of the claims asserted and places an unjustified burden on the court and the party who must respond to it. *See Carbajal v. City & Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Such a complaint may be dismissed. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *Mitchell v. City of Colo. Springs, Colo.*, 194 Fed. Appx. 497, 498 (10th Cir. 2006) (dismissing complaint for "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts … completely lacking in clarity and intelligibility"); *see also Warrence v. Obama*, 574 F. App'x 858, 859 (10th Cir. 2014) (dismissing plaintiff's complaint when it "is largely unintelligible; it is a verbose, disorganized, and confusing diatribe").

In liberally construing Plaintiff's 190-page Amended Complaint (ECF 24), the court had to extrapolate Plaintiff's overall contention that Defendants deprived him of his "protected liberty interests of" free speech, substantive due process, and equal protection (ECF 24 at ¶ 52). The crux of Plaintiff's claims appears to be related to factual allegations that Defendants violated his First Amendment right to free speech "under the doctrine of 'core political speech'" by "blocking [his] access and participation […] on multiple public forums" (ECF 24 at ¶ 51-iii, iv). Plaintiff also alleges Defendants violated the Fourteenth Amendment by "blocking access to some while not blocking access to others" and by failing "to provide any substantial due process protections […] when they either revoked or withheld [his] constitutional liberty interests" (ECF 24 at ¶ 51-v-ix). Plaintiff asserts numerous causes of action with little supporting factual

averments including various §1983 claims, libel, slander, invasion of privacy, false light, defamation, and a claim that Defendants have "not abrogated immunity in receipt of federal funds" (ECF 24).

Defendants contend Plaintiff's Amended Complaint is unnecessarily lengthy, disorganized, and comprised mostly of conclusory assertions (ECF 33). Defendants also argue that of Plaintiff's 558 paragraphs of allegations, most have no relation to social media or any of his other causes of action. Defendants contend that the "current status of [the] Amended Complaint would require this court [...] to go far beyond its duties and interpret, divine, and stitch together" Plaintiff's claims, and the Amended Complaint should therefore be dismissed. The court agrees.

The introduction section of the Amended Complaint alone contains over thirty-nine unintelligible paragraphs of irrelevant legal jargon.[1] To require the court to "sift through" and decipher the myriad of allegations against the numerous Defendants in the remaining 519 numbered paragraphs of the Amended Complaint would place an unjustified burden on this court. *See Carbajal*, 502 F. App'x at 716 (citing *Salahuddin*, 861 F.2d at 42).

The court does take note of Plaintiff's attempt to comply with the Rule 8 requirements. In his Amended Complaint, Plaintiff proposes a "short and simple statement" (ECF 24 at ¶ 52) asserting that the "claim [...] cites that the actions of these defendants deprived the plaintiff of the protected liberty interests of (1) Free Exercise of speech and, (2) substantive due process and (3) equal protection when defendants engaged in the enforcement of an invalid and unconstitutional social media 'policies'" (ECF 24 at ¶ 52). While the court appreciates this concise outline of Plaintiff's claim, this "short and simple statement" alone does not meet the

---

[1] ECF 24 at ¶ 3, 5, 16, 19, 21, 24, 26, 27, 28, 31, 32, 37, 43-47, 49, 51-56, 58, 63, 66, 68, 69, 71, 76, 80-84,86,91,93,94.

pleading standards of Rule 8.  Fed. R. Civ. P. 8(a)(1)-(3).  The remaining 557 verbose paragraphs of the Amended Complaint frustrate this simple statement, as the majority of the Amended Complaint is unclear, inconsistent, and illogical.  Though there are numerous numbered paragraphs, it is unclear which support the various claims, and most do not appear related to the access to public forum allegations.  In short, the Amended Complaint is rambling, disorganized and fails to meet the pleading standards.  The undersigned recommends the Amended Complaint be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to comply with Rule 8.

### B.     Plaintiff's "official capacity claims" should be dismissed with prejudice.

Independent of the Rule 8 basis for dismissal, Plaintiff's "official capacity" claims against all individually named Defendants should be dismissed with prejudice under Rule 12(b)(6).  In the caption of the Amended Complaint, Plaintiff names both Salt Lake City and the individually named Defendants in their official capacities.  Although Johnson does not detail in any of his eleven causes of action whether he is asserting a specific claim against Salt Lake City, or the individual defendants in their individual or official capacities, any claims against the individual Defendants in their official capacities are subject to dismissal as redundant.  Even accepting as true Plaintiff's inadequate allegations against the Defendants, the official capacity claims are duplicative and no relief is plausible.  *See, e.g., Catlin v. Salt Lake City Sch. Dist.*, No. 2:08-CV-00362-CW-PMW, 2014 WL 4662466, at *9 (D. Utah Sept. 18, 2014) (dismissing the official capacity claim with prejudice when government entity was also named as real party in interest); *Gallardo v. Bd. Cty. Comm'rs*, 1995 WL 106366, at *2 (D. Kan. 1995) ("'When the municipality is sued along with the municipal officer in his official capacity, the suit against the officer is redundant, improper, and unnecessary and should be dismissed.'").

In his fifty-six-page Response, (ECF 36), Plaintiff conceded to Defendants' argument regarding the duplicity of his claims against individually named Salt Lake City employees and officials.  In the Response, Plaintiff waived "the official capacity claims against" all individually named Defendants, save Derek Kitchen (ECF 36 at ¶ 11).  It is unclear if Plaintiff intended to waive the individual claims against defendant Derek Kitchen because Plaintiff's Amended Complaint contains no allegations that mention Derek Kitchen in any capacity.  This omission can fairly be construed as Plaintiff abandoning his claims against Derek Kitchen.[2]  Based on Plaintiff's concession, and his abandoning of claims against Derek Kitchen, the official capacity claims against all individually named defendants should be dismissed with prejudice as duplicative.

### C.   Plaintiff's ninth and tenth causes of action should be dismissed with prejudice for failure to state a claim.

In addition to failing to meet the Rule 8 pleading standard, Plaintiff's ninth and tenth causes of action fail to state a claim as a matter of law and should also be dismissed with prejudice under Rule 12(b)(6).

The Amended Complaint has captions and headers asserting claims for libel and slander (Count 9) and an invasion of privacy false light defamation (Count 10).  Though it is not entirely clear, these tort claims identified in the ninth and tenth causes of action appear to be limited to Matthew Rojas, Director of Communications for the Salt Lake City Mayor's Office (ECF 24 ¶ 526-555).  Giving Plaintiff the benefit of a liberal pleading, the court will construe these claims against all Defendants.

---

[2] Derek Kitchen was not listed in the caption of Plaintiff's original Complaint (ECF 1).  However, Plaintiff filed an Errata to his Complaint (ECF 5) correcting this omission.  Plaintiff later failed to list Derek Kitchen in the caption of his Amended Complaint (ECF 24) and did not file an errata or indicate in any other pleading that this was in error. Moreover, the only reference to Derek Kitchen in the original Complaint (ECF 1 at ¶ 63) was not included in Plaintiff's Amended Complaint.

Notwithstanding the liberal construction, Plaintiff's tort claims against Defendants does not survive a Rule 12(b)(6) motion to dismiss under the Governmental Immunity Act of Utah (the "Act").  Utah Code Ann. § 63G-7-101.  Under the Act, a governmental entity, its officers, and its employees are immune from suit for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of, or in connection with, libel, slander, deceit, or misrepresentation.  Utah Code Ann. § 63G-7-201(4)(b), (f).  While Plaintiff's Amended Complaint does not specify which of the Defendants his tort claims are against, all named Defendants are governmental entities and/or government officials and employees who are immune from such claims under the Act.  Further, Plaintiff failed to allege any facts that any of the Defendants were acting outside the scope of employment.  As such, Plaintiff's ninth and tenth causes of action should be dismissed with prejudice.

**D.     Plaintiff's pending motion for preliminary injunction is moot.**

Plaintiff has also filed a Motion for Declaratory Judgement (ECF 28), a Motion for Judicial Notice (ECF 41), a Motion to Strike (ECF 45), a Motion for Preliminary Injunction (ECF 51), a Motion Seeking Court Notice of New Violation (ECF 61), and two Motions to Submit Digital Evidence (ECF 65, 66).  These pending motions will be rendered moot should this Report and Recommendation be adopted.  Notwithstanding, the court finds it necessary to address in detail Plaintiff's pending request for preliminary injunction (ECF 51) as it seeks immediate relief.

Plaintiff filed a "Request for Emergency Injunction" seeking an injunction to stop Salt Lake City from "suppression of speech on social media forums."  This motion was entered on the docket as Motion for Preliminary Injunction ("Plaintiff's Motion") (ECF 51).  Defendants

filed a Memorandum in Opposition (ECF 60) and Plaintiff provided the court with his Reply to

Response (ECF 64).

A claim for injunctive relief becomes moot when "events have eliminated the effects of

the alleged violation." *Pub. Serv. Co. of Colorado v. Bd. of Cty. Comm'rs of San Miguel Cty.*,

223 F. App'x 772, 776 (10th Cir. 2007) (citations omitted).  Defendants have provided the court

with sufficient evidence to support its position that Plaintiff is not currently blocked from the

Salt Lake City Facebook page (ECF 60-3, 60-4).  Defendants have also provided sufficient

documentation evidencing Salt Lake City's compliance with newly developing case law

regarding government-owned social media accounts (ECF 60-1).  *See Knight First Amendment*

*Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 551–52 (S.D.N.Y. 2018) aff'd, 2019 WL

2932440 (2d Cir. July 9, 2019).

Plaintiff's Motion also appears to reference the legal theories of *res judicata*,

adjudication, and mutual estoppel.  These concepts are improper to assert in a motion for

preliminary injunction; therefore, the court will not consider them.  Because Plaintiff is not

currently blocked from Defendants' government-owned social media accounts, the effects of the

alleged violation are moot, and Plaintiff's Motion should be denied or deemed moot.

## RECOMMENDATION

For the reasons stated above, the court recommends that Plaintiff's Amended Complaint

be dismissed.  Additionally, the court recommends all claims against the individual Defendants

in their official capacities as well as counts nine and ten should be dismissed with prejudice.  The

undersigned further recommends placing a filing restriction on Plaintiff for being a vexatious

litigant.  Plaintiff has filed over nineteen motions, requests, and other filings onto the docket

pending the court's determination.  Plaintiff has also sent numerous superfluous emails to

chambers and the clerk's office during the pendency of this action.  Plaintiff should be placed on

the restricted filers list and should be required to seek leave of the court before submitting any new court filings.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A party must file an objection to this Report and Recommendation within fourteen (14) days of being served.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.


DATED this 6 November 2019.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah